STATE ex rel. H. BRUNHILD v. H. D. POTTER et al..

*Sheriff's Damages — Official Bonds — Execution — Claim — Justice of the Peace — Issue — Judgment — Nominal Damages.*

1. In an action against a Sheriff, or his official bond, for failure to levy an execution placed in his hands for collection, and to collect from a defendant in execution a debt, the jury found for the relator, but failed to assess damages in response to an issue respecting them. The Court gave judgment for the amount of the execution: *Held*, there was *error*. The judgment should have been for nominal damages.

2. The Court should have submitted to the jury the question, whether any substantial damages had been sustained, and required them, under proper instructions, to respond to the same.

3. *The Code,* § 1888, applies to executions from a Court of a Justice of the Peace, and not those issuing out of the Superior Court.

4. To entitle the relator to substantial damages, the jury must have found that he had lost his debt, or some part of it, by the negligence of the Sheriff.

5. The question of negligence being settled by the verdict of the jury, the question of substantial damages may now be submitted by the Court.

. This was a CIVIL ACTION, tried at Spring Term, 1890, of GREENE Superior Court, before *Boykin, J.*

The relator obtained judgment in the county of Greene, before a Justice of the Peace, for $148.41, with interest from the 22d day of October, 1887, and for costs ($3.90), and duly docketed the same in the office of the Clerk of the Superior Court of that county. Thereupon, an execution was duly issued and placed in the hands of the defendant Sheriff of the same county on the 19th day of October, 1888.

This action is brought by the relator against the defendant Sheriff and the sureties to his official bond.

It is alleged, among other things, in the complaint, that the said Sheriff committed breaches of said bond, in that he wrongfully and negligently failed to levy said execution on the personal property of said J. J. Potter for several days, and, on the _____ day of October, 1888, after said execution was placed in the hands of said defendant H. D. Potter, Sheriff as aforesaid, said J. J. Potter conveyed a large amount of his personal property, by mortgage, to G. W. Sugg, and did not retain more than he was entitled to as his' personal property exemption; that said H. D. Potter, Sheriff as aforesaid, could, by due diligence, have collected from said J. J. Potter, defendant in said execution, the amount of plaintiff's judgment, interest and costs; that the said defendant Sheriff as aforesaid unlawfully, wrongfully and negligently failed to

perform his duties by not levying and collecting from said J. J. Potter the amount of plaintiff's debt, and interest and costs, to plaintiff's damage $200.

The defendants denied, in their answer, "that said Sheriff wrongfully and negligently failed to levy said execution on the personal property of said J. J. Potter for several days," and also denied that, in any respect as to said execution, he had committed any breach of his said bond, &c.

The Court submitted to the jury issues, whereof the following is a copy:

"1. Did the defendant H. D. Potter negligently fail to levy and collect the execution, described in the complaint, upon the personal property of J. J. Potter?

"2. What damage, if any, has plaintiff sustained?"

The jury responded "Yes" to the first issue, but made no response to the second issue.

There was conflicting evidence as to the instructions given to the Sheriff on delivering him the execution, and as to whether he unreasonably delayed the levy, and as to whether there was any property subject to said execution above or beyond the property laid off as the debtor's personal property exemption.

There was evidence tending to show that said J. J. Potter was insolvent at the time said execution was placed in the hands of the Sheriff, after his exemption.

The Court explained the doctrine of negligence, and the rule of reasonable diligence, to the jury. There was no exception to this part of the charge.

The Court gave judgment upon the verdict, whereof the following is a copy:

" This cause coming on to be heard by the Court and jury, and the first issue having been found by the jury in favor of the plaintiff, it is considered and adjudged that the plaintiff recover of the defendant H. D. Potter and the sureties on

his official bond, the defendants J. B. Faircloth, R. D. S. Dixon, Jonas Williams and D. W. Patrick, the sum of five thousand dollars, to be discharged upon the payment of the sum of one hundred and forty-eight dollars and forty-one cents, with interest thereon from the 22d day of October, 1887, together with the costs of this action."

From this judgment defendants appealed to this Court, assigning as grounds of error therein—

"1. That the plaintiff is not entitled to recover on the verdict.

"2. On the ground that in no event is the plaintiff entitled to recover the whole of his judgment debt.

"3. On the ground that the Court should have ordered a new trial.

"4. On the ground that the Court should have charged that if they should find negligence and the solvency of the debtor, that then the jury should answer the second issue as to the amount of damages."

*Messrs. G. M. Lindsey* and *W. C. Munroe,* for plaintiff.
*Messrs. W. T. Faircloth* and *T. C. Wooten,* for defendants.

MERRIMON, C. J.—after stating the facts: In our judgment, the relator was entitled to only nominal damages upon the verdict. It seems that the Court intended to apply the statutory provision (*The Code,* § 1888) which provides that "when a claim shall be placed in the hands of any Sheriff, Coroner or Constable for collection, and he shall not use due diligence in collecting the same, he shall be liable for the full amount of the claim, notwithstanding the debtor may have been at all times, and is then, able to pay the amount thereof." But it will be observed that this applies only to *claims* placed in the hands of the Sheriff or other officer for collection—such claims as are within the jurisdiction of a Justice of the Peace, and may be collected by judg-

ment and process of execution granted by that magistrate. It does not apply to executions issuing from the Superior or other Courts of record. . The reason for the distinction is clearly and certainly pointed out in *McLaurin* v. *Buchanan*, Winst., 91. The statute, in effect, now is just as it was when that decision was made, and we are not at liberty, nor in the least inclined, to disturb it.

The evidence was conflicting as to whether the defendant (in the execution placed in the hands of the Sheriff, and which he failed to collect) had property leviable sufficient to satisfy that execution, and continued to have the same after the execution was, or ought to have been, returned. It may be that he had, and has, such property, and that the debt may yet be collectible by execution. The contrary does not appear by the verdict. That the Sheriff negligently failed to collect the execution, does not imply that the defendant did not have property leviable sufficient to satisfy it while the Sheriff had it, or that he then had the same, and the Sheriff negligently allowed him to rid himself of it, whereby the relator lost his debt, or part thereof. To entitle the relator to substantial damages, the jury should have found by their verdict, in effect, that he, by reason of the negligence of the Sheriff, could not collect, or had lost his debt, or part of it. *State* v. *Skinner*, 3 Ired., 564; *McLaurin* v. *Buchanan, supra; Buckley* v. *Hampton*, 1 Ired. 318.

The Court should, in this case, have submitted to the jury, in place of the second issue submitted, the question whether any substantial damages had been sustained by the relator, and required them, under proper instruction, to respond to the same.

As we have said, the relator was only entitled to nominal damages upon the verdict rendered. There is, therefore, error. The judgment must be modified, allowing the relator nominal damages only; or, if he shall so elect, the Court may submit to another jury the issue we have suggested

above, giving them appropriate instructions as to the measure of damages. There was no exception to the instructions the Court gave the jury. The presumption is that they were correct, and satisfactory to the parties. The question of negligence is settled by the verdict rendered, and the only remaining inquiry is as to the amount of substantial damages the relator has sustained. He may, or may not, require that to be made.

Let this opinion be certified to the Superior Court, to the end that further steps may be taken in the action according to law.

Reversed.